TREVOR J. ZINK, ESQ. (218860)
**OMNI LAW GROUP, LLP**
1940 Hamilton Avenue
San Jose, CA 95125
Tel: (408) 879-8500 / Fax: (408) 879-8501
Email: tzink@omnilawgroup.com

Attorneys for Plaintiffs
Satinder Sartaaj, Firdaus Production, Inc.,
and Saga Private Music Limited

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATINDER SARTAAJ, FIRDAUS PRODUCTION, INC., and SAGA PRIVATE MUSIC LIMITED,<br><br>    Plaintiffs,<br><br>v.<br><br>SAREGAMA INDIA LIMITED,<br><br>    Defendants. | CASE NO.: 5:20-cv-8029<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

**COMPLAINT AND JURY DEMAND**

Plaintiffs SATINDER SARTAAJ, FIRDAUS PRODUCTION, INC., and SAGA PRIVATE MUSIC LIMITED (collectively "Plaintiffs") for their Complaint and Jury Demand against Defendant SAREGAMA INDIA LIMITED, state as follows:

**<u>NATURE OF ACTION AND RELIEF SOUGHT</u>**

1.     This is a civil action seeking declaratory judgment and injunctive relief under the copyright laws of the United States, 17 U.S.C. sections 101 *et seq.*, and the Digital Millenium Copyright Act, as codified at ("DMCA"), 17 U.S.C. 512.

2.     This case arises from Defendant SAREGAMA INDIA LIMITED's ("SAREGAMA" or "Defendant") improper assertion of copyright infringement against Plaintiffs.  The infringement was based on Plaintiffs' posting, on the Internet video website,

YouTube, a video recording of Plaintiff Dr. SATINDER SARTAAJ's ("SARTAAJ") recording of the song "*Matwaliye*" on August 31, 2020.  As a result of Defendant's assertion of infringement, YouTube disabled public access of the video.  Despite being contacted by Plaintiffs and advised that *Matwaliye* was an arrangement based on traditional Punjabi folk songs, the same material used by Defendants for the composition it claims it has a copyright on, Defendant has continued to insist that *Matwaliye* infringes its copyright, asserting that Plaintiffs are under a legal obligation to obtain written licenses/permission from Defendant before exhibiting *Matwaliye* on YouTube.

3. Plaintiffs' composition and video of *Matwaliye* is lawful, as it is derived from matters within the Public Domain---traditional Punjabi folksongs.  Plaintiffs bring this action to clarify the rights of the parties and to refute Defendant's assertions of copyright infringement.

## PARTIES

4. Plaintiff Dr. SATINDER SARTAAJ ("SARTAAJ") has a Ph.D. in music, and is a composer and producer of music, specifically Punjabi folk music.  SARTAAJ resides in India and is a shareholder in Plaintiff Firdaus Production, Inc., a California corporation.

5. Plaintiff FIRDAUS PRODUCTION, INC. ("FIRDAUS") is a corporation organized and existing under the laws of the State of California, with its principal place of business in Fremont, California.

6. Plaintiff SAGA MUSIC PRIVATE LIMITED ("SAGA") is an Indian company based in India.

7. Defendant SAREGAMA INDIA, LIMITED ("SAREGAMA") is a music company based in Mumbai, India.

## JURISDICTION AND VENUE

8. This action arises under the copyright laws of the United States, 17 U.S.C. sections 101 *et seq.*, and Title II of the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. section 512.

9. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. sections 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. section 2201.

1    10.    This Court has personal jurisdiction over Defendant because Defendant, by making use of the "takedown" provision of the DMCA that resulted in YouTube, a resident of this state, removing Plaintiffs' video of *Mawaliye*, Defendant purposefully availed itself of the benefit or protection of United States law with respect to the transaction sued upon here, causing Plaintiff harm.

11.    Defendant does substantial business in the United States, particularly online.

12.    Venue is proper in this action under 28 U.S.C. sections 1391(b)(2), 1391(b)(3), and/or 1391(c)(3).

## FACTUAL ALLEGATIONS

13.    Plaintiff SARTAAJ has a PhD in Music, and is a world-renowned lyricist, composer and singer.  He has personal knowledge and expertise in Punjabi folk music.

14.    Plaintiff SAGA is a well-known and celebrated music producer and label.  It has produced several albums of predominantly Punjabi music.  It represents Plaintiff SARTAAJ and has publications rights in SARTAAJ's compositions.

15.    *Matwaliye* is a music video and song composed and performed by SARTAAJ. FIRDAUS owns the rights to *Matwaliye*.  FIRDAUS properly licensed *Matwaliye* to SAGA. SAGA posted *Matwaliye* to YouTube on or about August 31, 2020.

16.    *Matwaliye* was inspired by a very old Punjabi folk song *"chullhey agg na ghrhey de vich paani, chhrea'n di joon buri"* (*"Chullhey"*) that has been popular for centuries.  The exact composition of *Chullhey* was used for the first time in the song *"Menoo Meria Dukha'n Ne Gheria"* in the Punjabi film *"Bhaaiya ji"* in 1950.  A song, *Mainu Rabb Di Soh Tere Naal Pyar Ho Gaya"* based on *Chullhey* was in the Pakistani Punjabi film *"Phere."*  Another song, *"Tora'n Gandla te Pain Mainu Dandla'n,"* is also based on the folk composition.   Many musicians and revered singers have composed and sung songs based on *Chulley* from as early as 1949.

17.    *Chulley* has been in the public domain for centuries.  It is a traditional cultural expression or expression of folklore; transgenerational, collectively owned by one or more groups or communities, and likely of anonymous origin.  *Matwaliye* is inspired by *Chulley*.

18.    Despite its origins, on or about September 22, 2020, Plaintiffs were informed by

**COMPLAINT FOR DECLARATORY RELIEF**                                                                                                              3

YouTube that Defendant had filed a "takedown notice" with YouTube concerning *Matwaliye*, asserting that it infringes on the composition of the song "*Uden Jab Jab Zulfen Teri*" ("*Uden*"), a composition from the movie "Naya Daur;" SAREGAMA holds the copyright to *Uden*. The composer of *'Menoo Meria Dukha'n Ne Gheria'* ("*Menoo*") is Mr. Vinod, who died in 1959. Under Indian law, under which Mr. Vinod's composition was created, a composer's music becomes part of the public domain 60 years after the composer's date of death. Accordingly, whether Plaintiffs' song is based on the centuries old folk song or Mr. Vinod's song, there is no infringement. Indeed, Mr. OP Nayyar, composer of "*Uden Jab Jab Zulfen Teri*," used Mr. Vinod's composition in his creation. It was not his original composition and SAREGAMA has no right to claim ownership thereof. An expert has compared the three songs (i.e., Menoo, Uden, and Matwaliye) and determined that Uden (Defendant's song) is almost identical to Menoo, whereas Matwaliye is significantly different. Attached as Exhibit A is a copy of said report.

19. Title II of the DMCA, 17 U.S.C. section 512, grants online service providers, such as YouTube, protections from secondary copyright infringement liability, as long as they meet certain requirements.

20. One requirement of the DMCA "safe harbor" is that online service providers must implement a "notice-and-takedown" system. The DMCA provides that the owner of copyrighted material may submit a "takedown notice" to an online service provider that is hosting material that allegedly infringes the copyright held by the issuer of the notice.

21. The DMCA provides that a takedown notice should be in writing and should state, among other things, that the complaining party has a good faith belief that the use of the material is not authorized by the copyright owner. 17 U.S.C. 512 (c)(3).

22. As a result of having received the takedown notice from SAREGAMA, YouTube blocked *Matwaliye* from public access.

23. On or about September 8, 2020, Plaintiff SAGA contacted Defendant SAREGAMA to make its position known regarding the origins of *Matwaliye*---that it was developed from centuries-old traditional Punjabi folk songs. Despite being made aware of *Matwaliye*'s origins, SAREGAMA refused to withdraw its "takedown" notice, and continued (and continues) to assert

that *Matwaliye* is an infringement of *Uden* from the movie *Naya Daar*. SAREGAMA asserts its position of copyright infringement on the basis that it "vehemently" denies that *Uden* is, or is derived from, a traditional Punjabi folk song. It asserts that *Uden*'s lyrics and music were original works. It denied that *Uden* was, or was derived from, part of a pre-existing traditional culture that should be treated as part of the public domain.

24. SAREGAMA asserts that *Matwaliye* is a recording and usage of its copyrighted *Uden* for the purpose of enabling SAGA to derive profit from it through its use on YouTube and other mediums; that SAGA is under a legal obligation to obtain licenses and permission from SAREGAMA for *Matwaliye*'s usage.

25. *Uden*, however, is not different than *Matwaliye* in that it used *Chulley* as its inspiration to create it. In creating *Matwaliye*, SARTAAJ did the same thing as Defendant; it used an old traditional Punjabi folksong from the public to create a new composition and song.

## COUNT 1

**Declaratory Relief Pursuant to 28 U.S.C. section 2201, *et seq.* (Declaratory Judgment Act) and the Copyright Act (Title 17 of the U.S. Code)**

26. Plaintiffs incorporate by reference the allegations in each of the preceding paragraphs of this Complaint, as if fully set forth herein.

27. There is a real and actual controversy between Plaintiffs and Defendant regarding whether Plaintiffs' composition and posting of *Matawaliye* on YouTube and other commercial mediums infringes a copyright that Defendant lawfully owns or administers.

28. Defendant's conduct has forced Plaintiffs to choose between making *Matawaliye* available to the public and risking legal liability. The controversy between Plaintiffs and Defendant is thus real and substantial and demands specific relief through a decree of conclusive character.

29. Plaintiffs are entitled to declaratory judgment that *Matwaliye* is lawful and does not infringe Defendant's copyright.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For a declaration that *Matwaliye* is a product of the public domain and does not infringe Defendant's copyright;

2. For an order enjoining Defendant, and its agents, attorneys, and assigns, from asserting a copyright claim against Defendants, or each of them, in connection with *Matwaliye*;

3. For costs of suit herein incurred, including reasonable attorney's fees; and

4. For such other and further relief as the Court may deem just and proper.

Dated: November 13, 2020   **OMNI LAW GROUP, LLP**

By: */s/ Trevor J. Zink*
TREVOR J. ZINK, ESQ.
Lead Counsel
State Bar No. 218860
Email: tzink@omnilawgroup.com

Attorneys for Plaintiffs
SATINDER SARTAAJ,
FIRDAUS PRODUCTION, INC., and
SAGA PRIVATE MUSIC LIMITED

**COMPLAINT FOR DECLARATORY RELIEF**                                                                 6